UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ERIC THOMAS,
INGRA FULLER,

        Plaintiffs,

vs.

VENICOM, INC.,
ROBERT GOBLE,
BRAD GOBLE,

        Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs, ERIC THOMAS and INGRA FULLER, through counsel, sue Defendants, VENICOM, INC. ROBERT GOBLE and BRAD GOBLE, and allege as follows:

1. This is an action for damages and equitable relief within the jurisdiction of this court. The Court also has supplemental jurisdiction over the pendent state claim pursuant to 28 U.S.C. 1367.

2. Plaintiffs reside in Florida and are past employees of Defendants.

3. Defendant, VENICOM, INC., is a foreign profit corporation with its principal place of business in Arizona, engaged in commerce in the field of telecommunications sales in South Florida and nationwide, and at all times material hereto Defendant was the "Employer" of Plaintiffs as that term is defined under statutes referenced herein.

4.  Defendant, ROBERT GOBLE, is a resident of Maricopa County, Arizona and was, and now is, the managing agent, director and/or owner of Defendant, VENICOM, INC.; said Defendant acted and acts directly in the interests of the Defendant, VENICOM, INC., in relation to said co-Defendant's employees. Defendant, ROBERT GOBLE, effectively dominates VENICOM, INC.'s administrative functions or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, ROBERT GOBLE was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

5.  Defendant, BRAD GOBLE, is a resident of Maricopa County, Arizona and was, and now is, the managing agent, director and/or owner of Defendant, VENICOM, INC.; said Defendant acted and acts directly in the interests of the Defendant, VENICOM, INC., in relation to said co-Defendant's employees. Defendant, BRAD GOBLE, effectively dominates VENICOM, INC.'s administrative functions or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, BRAD GOBLE was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

6.  In justifiable reliance upon Defendants' representations and promises, Plaintiffs, accepted employment and began working for Defendants as customer service representatives.

7. During Plaintiff ERIC THOMAS's employment (specifically from about 11/1/09 through about 4/15/10), Plaintiff accrued approximately $4,736.93 in damages. See Exhibit "A."

8. During Plaintiff INGRA FULLER's employment (specifically from about 4/2/10 through about 4/15/10), Plaintiff accrued approximately $1,644.83 in damages. See Exhibit "B."

9. Despite Plaintiffs' continued demand for payment, Defendants have knowingly and willfully failed to tender payment and to date Defendants have failed to pay Plaintiffs the legally owed wages.

10. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES
## VENICOM, INC.

11. Plaintiffs reaver and reallege paragraphs 1-10 herein.

12. Plaintiff ERIC THOMAS entered into an oral and/or written contract for wages with Defendant at the hourly rate of $11.

13. Plaintiff INGRA FULLER entered into an oral and/or written contract for wages with Defendant at the hourly rate of $10.

14. Plaintiffs worked for Defendant and did not receive the compensation promised. Defendant, therefore, wrongfully deprived Plaintiffs of wages that were due and owing and to which Plaintiffs are lawfully entitled under an oral and/or written contract for wages with Defendants.

15.     Plaintiffs have been damaged as a result of Defendant's failure to pay the agreed upon wages.

16.     Pursuant to Section 448.08, Florida Statutes, Plaintiffs are entitled to the costs of this action and reasonable attorneys' fees.

WHEREFORE, Plaintiffs demand judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court deems just and appropriate.

## COUNT II
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") VENICOM, INC., ROBERT GOBLE AND BRAD GOBLE

17.     Plaintiffs reaver and reallege paragraphs 1-10 herein.

18.     Plaintiffs engaged in interstate commerce on a regular and recurring basis.

19.     Defendants engaged, along with their employees, in interstate commerce and have annual gross sales and/or business volume of $500,000 or more

20.     Plaintiffs allege this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to (i) unpaid minimum wages, (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

21.     Plaintiffs seek recovery of the unpaid minimum wages, liquidated damages, overtime interests, costs, and attorneys' fees.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs and reasonable attorneys' fees in accordance with FLSA, and any other remedy that this Court deems just and appropriate.

Respectfully submitted,

Loren Law Group
Attorneys for Plaintiff
320 South State Road 7
Suite 300
Plantation, FL 33317
(954)585-4878

_____
James M Loren, Esquire
Fla Bar No.: 55409
JLoren@Lorenlaw.com
